**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**George T. RORRER, Respondent.**

**No. 2000-SC-0693-KB.**

Supreme Court of Kentucky.

Sept. 28, 2000.

Bruce K. Davis, Executive Director, Jay R. Garrett, Bar Counsel, Kentucky Bar Association, Frankfort, KY, for movant.

Stephen B. Pence, Louisville, KY, for respondent.

### ORDER

Pursuant to SCR 3.166, the Kentucky Bar Association requests that this Court enter an order confirming the automatic temporary suspension of Respondent, George T. Rorrer, from the practice of law due to his recent felony convictions. For the following reasons, the KBA's request will be granted.

Respondent, whose last known address is Citizens Plaza, 500 West Jefferson Street, Suite 2000, Louisville, Kentucky, 40202, was admitted to the practice of law in Kentucky on April 24, 1987. On December 7, 1999, he was charged with a felony by a grand jury in the United States District Court for the Western District of Kentucky. Specifically, the grand jury charged that between September 1998 and July 1999, in Jefferson County, Respondent knowingly conspired with John E. Caporale and others to conduct a financial transaction affecting interstate and foreign commerce in violation of 18 U.S.C. § 1956(a)(1)(B)(i), to wit, the execution of a false construction contract calling for the payment of $34,000 to or on behalf of Caporale for remodeling work, when in fact Caporale, aided by Respondent, acting as his attorney, made a cash loan of $29,000 to another to be repaid in a single payment of $34,000, and this cash loan involved the proceeds of the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed to conceal the nature of the unlawful activity.

More specifically, the indictment charged the following. On or about September 25, 1998, Respondent arranged a meeting in his office between Caporale and others. Caporale brought approximately $29,000 in cash to the meeting and gave it to Respondent. Respondent prepared and oversaw the execution of a "contract proposal" between a fictitious corporation related to Caporale and another business entity calling for remodeling work to be done by the Caporale related corporation in exchange for a payment of $34,000 on or before June 30, 1999. Between September 25, 1998 and December 1998, Respondent distributed approximately $28,000 to the proprietor of the other business entity in cash and checks. From September 25, 1998 until June 30, 1999, no work of any type was performed by the Caporale related corporation as called for in the "contract proposal."

On July 28, 2000, Respondent was found guilty by a jury for the Western District of Kentucky, Louisville Division, of conspira-

cy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h) and (2). He is awaiting sentencing, which is scheduled for October 23, 2000.

SCR 3.166(1) provides that any member of the KBA convicted of a felony shall be automatically suspended from the practice of law in this Commonwealth, and that the suspension shall take effect automatically on the day following the finding of guilt or upon the entry of judgment, whichever occurs first, and shall remain in effect until dissolved or superseded by order of this Court.

Upon the foregoing facts, it is ordered that:

1. The automatic suspension of Respondent, George T. Rorrer, from the practice of law in Kentucky is hereby confirmed. Said suspension shall be effective from July 29, 2000 until the suspension is dissolved or superseded by subsequent order of this Court.

2. Pursuant to SCR 3.166(4), Respondent, George T. Rorrer, is required to notify all clients in writing of his inability to continue to represent them and to furnish copies of such letters to the Director of the KBA. In the event respondent has failed to comply with the foregoing requirement, such letters shall be sent forthwith.

3. Pursuant to SCR 3.166(5), Respondent, George T. Rorrer, is hereby ordered immediately to cancel and cease any advertising activity in which he is engaged.

All concur.

ENTERED: September 28, 2000.

/s/ Joseph E. Lambert
Chief Justice